**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:18-cv-01572

THE VAIL CORPORATION; LEXINGTON
INSURANCE COMPANY and XL
INSURANCE AMERICA, INC., as subrogees
of The Vail Corporation and Vail Resorts, Inc.

        Plaintiffs,

v.

CINTAS CORPORATION NO. 2 d/b/a
CINTAS FIRE PROTECTION

        Defendant.

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, The Vail Corporation, Lexington Insurance Company and XL Insurance America, Inc., as subrogees of TVC, Inc. and Vail Resorts, Inc., by and through their undersigned counsel, and for their Complaint and Jury Demand against Defendant, state and allege as follows:

### I.    PARTIES

1. Plaintiff The Vail Corporation ("TVC") is a Colorado corporation with its principal place of business located in Broomfield, Colorado. At all times relevant herein, TVC owned real property located at 250 Vail Lane, Vail, Colorado (the "Building").

2. Plaintiff Lexington Insurance Company ("Lexington") is a Delaware corporation with its principal place of business located in the State of Massachusetts. Lexington is a surplus lines carrier providing insurance in Colorado on a non-admitted basis. For all relevant timeframes set forth herein, Lexington provided property insurance on the Building.

1

3. Plaintiff XL Insurance America, Inc. ("XL") is a Delaware corporation with its principal place of business located in the State of Connecticut. For all relevant timeframes set forth herein, XL provided property insurance on the Building.

4. Plaintiffs Lexington and XL are collectively referred to as the "Insurers."

5. Upon information and belief, Defendant Cintas Corporation No. 2, d/b/a Cintas Fire Protection ("Cintas") is a Nevada corporation with its principal place of business located in the State of Ohio.

## II.   JURISDICTION AND VENUE

6. This Complaint arises out of damage to the Building that occurred on June 27, 2016.

7. This Court has subject matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332 because Plaintiffs are of diverse citizenship from Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this lawsuit took place in this District.

## III.   FACTUAL BACKGROUND

9. At all times relevant herein, TVC owned the Building.

10. Prior to June 27, 2016, TVC entered into a master services agreement with Cintas whereby Cintas would provide various fire and life safety services for TVC at various properties.

11. On October 8, 2015, Cintas completed an annual fire sprinkler inspection at the Building.

12. After this annual inspection, Cintas recommended and provided a proposal for a five-year inspection and test of seven wet fire sprinkler systems (internal inspection), the dry

standpipes (hydrostatic testing), and the fire department connection (hydrostatic pressure testing), among other work, at the Building.

13. TVC relied on Cintas' expertise as a fire suppression system contractor that the inspection/testing would be done in a safe and workmanlike manner.

14. While performing this testing/inspection, Cintas personnel opened an end cap on fire suppression system piping and water escaped, causing extensive damage to the Building (the "Incident").

15. Cintas failed to shut off the valves supplying the fire suppression system piping with water prior to removing the end cap.

16. Subsequent expert investigations revealed the Incident occurred due to Cintas' improper inspection and testing activities.

17. Damages from the Incident totalled $348,275.59.

18. As a result of the Incident, TVC and/or Vail Resorts, Inc. submitted a claim to the Insurers seeking reimbursement of the aforementioned damage.

19. Pursuant to their policies of insurance, the Insurers were obligated to and did issue payments totalling $248,275.59 to TVC and/or Vail Resorts, Inc.

20. Pursuant to these payments, the Insurers have become subrogated, to the extent of their payments, to TVC and/or Vail Resorts, Inc.'s rights against Cintas.

21. TVC also incurred a $100,000 deductible as a result of the Incident.

### IV.     COUNT I – BREACH OF CONTRACT

22. Plaintiffs adopt and incorporate by reference all preceding paragraphs as though fully set forth herein.

23. Prior to June 27, 2016, TVC contracted with Cintas whereby Cintas would perform the aforementioned five-year testing/inspections.

24. Cintas breached its contractual duties, through the following acts and/or omissions constituting breached of contract, including but not limited to:

   a. Removing the end cap on the fire suppression piping without ensuring the valves supplying water to the pipping were closed;

   b. Failing to properly evaluate the site conditions before the performance of its work;

   c. Failing to request required information or documentation before the performance of its work;

   d. Failing to use due care in the performance of its work;

   e. Failing to indemnify TVC from all losses from Cintas' improper work;

   f. Failing to perform its work in accordance with National Fire Protection Association standards;

   g. Violating federal, state and or local ordinances, statutes, and/or codes; and

   h. Any other acts or omissions that may become known during the course of litigation.

25. As a direct and proximate result of Cintas' breach of contract, water escaped from the fire suppression system piping causing the damages as outlined in the Factual Background section above.

V. **COUNT II – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES**

26. Plaintiffs adopt and incorporate by reference all preceding paragraphs as though fully set forth herein.

27. Prior to June 27, 2016, TVC contracted with Cintas whereby Cintas would perform the aforementioned five-year testing/inspections.

28. Cintas expressly or impliedly warranted that its work would be performed in a workmanlike manner and that its work would not be defective.

29. Cintas breached its duties through the following acts and/or omissions constituting breach of express and/or implied warranties including, but not limited to:

   a. Removing the end cap on the fire suppression piping without ensuring the valves supplying water to the pipping were closed;

   b. Failing to properly evaluate the site conditions before the performance of its work;

   c. Failing to request required information or documentation before the performance of its work;

   d. Failing to use due care in the performance of its work;

   e. Failing to indemnify TVC from all losses from Cintas' improper work;

   f. Failing to perform its work in accordance with National Fire Protection Association standards;

   g. Violating federal, state and or local ordinances, statutes, and/or codes; and

   h. Any other acts or omissions that may become known during the course of litigation.

30. As a direct and proximate result of Cintas' breach of express and/or implied warranties, water escaped from the fire suppression system piping causing the damages as outlined in the Factual Background section above.

## VI.    COUNT III – NEGLIGENCE AND/OR GROSS NEGLIGENCE

31. Plaintiffs adopt and incorporate by reference all preceding paragraphs as though fully set forth herein.

32. At all times relevant herein, Cintas owed TVC a duty to perform its work with reasonable care so as to avoid damage to TVC's property.

33. Cintas breached its duties, through the following acts and/or omissions constituting negligence and/or gross negligence, including but not limited to:

   a. Removing the end cap on the fire suppression piping without ensuring the valves supplying water to the pipping were closed;

   b. Failing to properly evaluate the site conditions before the performance of its work;

   c. Failing to request required information or documentation before the performance of its work;

   d. Failing to use due care in the performance of its work;

   e. Failing to perform its work in accordance with National Fire Protection Association standards;

   f. Violating federal, state and or local ordinances, statutes, and/or codes; and

   g. Any other acts or omissions that may become known during the course of litigation.

34. As a direct and proximate result of Cintas' negligence and/or gross negligence, water escaped from the fire suppression system piping causing the damages as outlined in the Factual Background section above.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court award them a judgment against Defendant in an amount to be proven at trial, together with costs, attorneys' fees, expenses, pre- and post-judgment interest and any other relief this Court deems just and proper.

[THIS SECTION INTENTIONALLY LEFT BLANK]

**PLAINTIFFS DEMAND A TRIAL BY JURY FOR ANY AND ALL ISSUES TRIABLE BY JURY.**

Respectfully submitted June 22, 2018.

*/s/ Glenn W. Mattar*
Glenn W. Mattar #48074 (Colorado Bar No.)
Paul B. Hines #51025 (Colorado Bar No.)
DENENBERG TUFFLEY, PLLC
28411 Northwestern Hwy., Suite 600
Southfield, MI  48034
Telephone:	(248) 549-3900
Fax:	(248) 593-5808
Email:	gmattar@dt-law.com, phines@dt-law.com
*Attorneys for Plaintiffs*