**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:18-cv-01572

THE VAIL CORPORATION; LEXINGTON
INSURANCE COMPANY and XL
INSURANCE AMERICA, INC., as subrogees
of The Vail Corporation and Vail Resorts, Inc.

      Plaintiffs,

v.

CINTAS CORPORATION NO. 2 d/b/a
CINTAS FIRE PROTECTION

      Defendant.

---

# **SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Scheduling/Planning Conference.

**August 31, 2018 at 11:00 AM**

Attorneys*:*

    Glenn W. Mattar #48074 (Colorado Bar No.)
    Paul B. Hines #51025 (Colorado Bar No.)
    DENENBERG TUFFLEY, PLLC
    28411 Northwestern Hwy., Suite 600
    Southfield, MI 48034
    Telephone: (248) 549-3900
    Fax: (248) 593-5808
    Email: gmattar@dt-law.com, phines@dt-law.com
    *Attorneys for Plaintiffs The Vail Corporation; Lexington Insurance; Company and XL Insurance America, Inc.*

    Heather A. Salg
    Nathaniel Scott Barker

Messner Reeves LLP
7935 East Prentice Ave., Suite 312
Greenwood Village, CO 80111
Phone:        (303) 623-1800
Fax:          (303) 623-0552
Email:        hsalg@messner.com, nbarker@messner.com
*Attorneys for Defendant Cintas Corporation No. 2 d/b/a Cintas Fire Protection*

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over the present dispute pursuant to 28 U.S.C. § 1332 because Plaintiffs are of diverse citizenship from Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiff(s):

Plaintiffs allege that Plaintiff The Vail Corporation ("TVC") hired Defendant to perform a five-year inspection of the TVC's wet fire sprinkler system piping at TVC's building in Vail, Colorado. Plaintiffs allege that while Defendant was performing this inspection, it removed an end cap on fire suppression system piping, allowing a significant amount of water to escape and cause extensive damage to the building. Damages, exclusive of interests, costs and fees totalled $348,275.59.  Plaintiffs allege Defendant's improper actions/omissions caused the water damage as, among other improper actions/omissions, Defendant failed to ensure the piping system was not being supplied water at the time of Defendant's work, Defendant failed to properly evaluate site conditions before the performance of its work and Defendant failed to request required information/documentation before the performance of its work. Plaintiffs, VTC and VTC's

subrogated insurance carriers, now bring breach of contract, breach of express/implied warranty and negligence causes of action against Defendant as a result of the loss.

      b. Defendant(s):

Cintas admits the The Vail Corporation ("TVC") entered into contract(s) to perform certain services, including performing certain services concerning the fire sprinkler system at TVC's building in Vail, Colorado. Cintas denies that it was negligent in any way in performing these services. It is Cintas' position that TVC employees or personnel failed to disclose to Cintas necessary and accurate information about the building's sprinkler system(s), as TVC employees/personnel were required to do. Cintas reasonably relied on the information TVC provided, which turned out to be inaccurate. Cintas's position is that plaintiffs' claimed damages are the result of TVC's actions and inactions.

      c.    Other Parties:

Not Applicable

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Cintas performed certain services for TVC at the subject building.
2. There was a water loss of at the subject property on or about June 27, 2016.

## 5. COMPUTATION OF DAMAGES

Plaintiffs allege and seek recovery of the following damages, exclusive of interests, costs and fees:

| | |
|---|---|
| Real Property Loss: | $345,417.89 |
| Business Personal Property Loss: | $   2,857.70 |
| Total Loss: | $348,275.59 |

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. **August 8, 2018**

b. Names of each participant and party he/she represented: **Glenn Mattar on behalf of Plaintiffs and Heather Salg on behalf of Defendant**.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made. Disclosures will be made on or before **August 24, 2018**.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): **None**.

e. Statement concerning any agreements to conduct informal discovery: **None**.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system: **None**

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: **The parties do not anticipate extensive discovery involving electronically stored information.**

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

## 7. CONSENT

All parties ☐ [have] x [**have not**] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. **None**.

    b.    Limitations which any party proposes on the length of depositions. **7 hours**

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission. **Defendant proposes a limit of 35 requests for production and 35 requests for admission.**

    d.    Other Planning or Discovery Orders. **None**.

## 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings: **October 12, 2018.**

    b.    Discovery Cut-off: **May 17, 2019.**

    c.    Dispositive Motion Deadline: **June 21, 2019**.

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any. **The parties anticipate providing expert witness testimony on the areas of origin and cause, standard of care, and/or damages.**

        2.    Limitations which the parties propose on the use or number of expert witnesses. **The parties propose each side shall be entitled to no more than four expert witnesses.**

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 15, 2019.**

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 19, 2019**.

    e.    Identification of Persons to Be Deposed:

At this time, the parties anticipate deposing

1. The maintenance and/or personnel from TVC who were present at the property when services were performed at the property Cintas employees who performed services at the property at relevant times
2. The fire department personnel and/or first responders to the water loss event

3. Local authorities responsible for local code evaluation, assessment, and/or enforcement
4. Cintas and/or TVC employees and/or agents who executed the contract(s) between the parties
5. Cintas and/or TVC employees who communicated regarding the services performed at the property

f.       Deadline for Interrogatories. **April 5, 2019**.

g.       Deadline for Requests for Production of Documents and/or Admissions.

**April 5, 2019**.

## 10. DATES FOR FURTHER CONFERENCES

a.       Status conferences will be held in this case at the following dates and times:

_____.

b.       A final pretrial conference will be held in this case on _____ at o'clock _____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.       Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b.       Anticipated length of trial and whether trial is to the court or jury: Jury trial, estimated 5 days.

c.       Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may only be amended/altered upon a showing of good cause.

DATED at Denver, Colorado, this ____ day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/ Glenn W. Mattar*

Glenn W. Mattar #48074 (Colorado Bar No.)
Paul B. Hines #51025 (Colorado Bar No.)
DENENBERG TUFFLEY, PLLC
28411 Northwestern Hwy., Suite 600
Southfield, MI  48034
Telephone:   (248) 549-3900
Fax:              (248) 593-5808
Email:           gmattar@dt-law.com,        phines@dt-law.com
*Attorneys for Plaintiffs The Vail Corporation; Lexington Insurance;
Company and XL Insurance America, Inc.*

/s/ Heather A. Salg

Heather A. Salg
Nathaniel Scott Barker
Messner Reeves LLP
7935 East Prentice Ave., Suite 312
Greenwood Village, CO 80111
Phone:  (303) 623-1800
Fax:    (303) 623-0552
Email:  hsalg@messner.com, nbarker@messner.com
*Attorneys for Defendant Cintas Corporation No. 2 d/b/a Cintas Fire Protection*